**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 14 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SIMARJIT SINGH,<br><br>       Petitioner,<br><br>  v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>       Respondent. | No.   17-71272<br><br>Agency No. A205-942-126<br><br>MEMORANDUM<sup>*</sup> |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 4, 2020<sup>**</sup>
San Francisco, California

Before: PAEZ and BEA, Circuit Judges, and JACK,<sup>***</sup> District Judge.

Simarjit Singh ("Singh"), a native and citizen of India, petitions for review

of a Board of Immigration Appeals ("BIA") decision affirming an Immigration

Judge's ("IJ") denial of his application for asylum, withholding of removal, and

---

    \*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    \*\*     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

    \*\*\*   The Honorable Janis Graham Jack, United States District Judge for the Southern District of Texas, sitting by designation.

relief under the Convention Against Torture ("CAT").

We have jurisdiction under 8 U.S.C. § 1252. The agency's legal conclusions are reviewed de novo. *Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011). We review the agency's factual findings for substantial evidence. *Sinha v. Holder*, 564 F.3d 1015, 1020 (9th Cir. 2009). Substantial evidence review means that we must uphold a factual finding if it is "supported by reasonable, substantial, and probative evidence in the record." *Melkonian v. Ashcroft*, 320 F.3d 1061, 1065 (9th Cir. 2003).

At his hearing, Singh testified to two incidents of persecution he experienced at the hands of police in Punjab. The IJ, however, found that he did not testify credibly and thus could not meet his burden of proof for obtaining asylum and withholding of removal. The IJ also found that Singh did not meet his burden of proof for obtaining CAT relief. Because these findings were supported by substantial evidence, we deny Singh's petition for review.

**1.** Singh applied for relief after May 11, 2005, therefore the REAL ID Act's standards regarding adverse credibility findings guide our review. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010).

At least three specific and cogent reasons supported the agency's credibility determination: First, Singh did not tell the truth about the extent of his ties to the

2

United States in his credible fear interview. Second, Singh did not inform the interviewing asylum officer that his father had been abducted by Punjab police, and that the police threatened to do the same to him. Third, Singh testified inconsistently regarding whether he was beaten during his second arrest. None of Singh's explanations for these inconsistencies "'compels'" the conclusion that he testified credibly. *See Parada v. Sessions*, 902 F.3d 901, 908–09 (9th Cir. 2018) (quoting *Afriyie v. Holder*, 613 F.3d 924, 931 (9th Cir. 2010)).

**2.** Singh also cannot succeed on his CAT claim.[1] Singh argues that we should reverse the BIA's denial of CAT relief on the ground that the country conditions documents "alone compel[] the conclusion" that he is more likely than not to be tortured if he returns to India.

Although the adverse credibility finding does not foreclose Singh's CAT claim, *Kamalthas v. I.N.S.*, 251 F.3d 1279, 1284 (9th Cir. 2001), he has not presented sufficient evidence to compel reversal of the agency's torture-related findings. The BIA properly considered whether there was "independent evidence that would suffice to sustain [Singh's] burden without regard to the evidence found not credible." The IJ concluded that, while "tensions continue to exist between

---

[1] The government maintains that Singh has waived his CAT claim because he failed to meaningfully contest the issue in his opening brief. Because Singh included this issue in the main text of his opening brief and argued it separately from his asylum and withholding claims, he did not forfeit it. *See Barrios v. Holder*, 581 F.3d 849, 856 n.6 (9th Cir. 2009).

different communities in India, there is no evidence to show that Singh would likely be the target" of torture.

The IJ's decision reflects that he considered Singh's country conditions documentation and came to a reasoned conclusion regarding the likelihood that Singh would suffer torture. Singh has not identified anything in the record that calls into question the IJ's analysis of the country conditions evidence. We therefore conclude that substantial evidence supports the agency's denial of CAT relief.

Petition **DENIED**.